COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


SHARON H. WELCH

MEMORANDUM OPINION[*]
v.       Record No. 0538-08-1                              PER CURIAM
                                                          AUGUST 19, 2008
NEWPORT NEWS DEPARTMENT OF
  HUMAN SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Aundria D. Foster, Judge

(Charles E. Haden, on brief), for appellant.

(Nicole M. Montalto, Assistant City Attorney; Holly A. White,
Guardian *ad litem* for the infant child; White & White, on brief), for
appellee.


Sharon H. Welch (mother) appeals the trial court's decision terminating her parental

rights to her minor child.  On appeal, mother asserts that the court erred in denying her motion to

strike and terminating her parental rights according to Code § 16.1-283(C)(2).  Upon reviewing

the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly,

we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).  So viewed, the evidence

established that prior to the child's birth, mother was addicted to cocaine and was homeless.

When the child was born on November 16, 2006, both the child and mother tested positive for

─────────────────────────

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

cocaine.  The Newport News Department of Human Services (the Department) removed the child from mother the day after her birth.  The child has been with the same foster family since the removal from mother.

After the child's birth, mother failed to contact the Department and missed her scheduled appointment.  Subsequently, mother was incarcerated from December 14, 2006 until June 1, 2007.  She was found guilty of possession of cocaine.  She also has a misdemeanor conviction of failing to register as a convicted sex offender.[1]

While in jail, mother wrote approximately four letters to the Department and the child.  She also requested that the child visit her in the jail, which was against the Department's policy.

When mother was released from jail in early June 2007, she did not contact the Department, and she was subsequently arrested on June 28, 2007 for a probation violation for failure to maintain contact with her probation officer and failure to provide a permanent address.  Mother expected to be released from jail in April 2008.

The Department tried placing the child with mother's relatives, but could not find any willing to care for the child.  None of mother's relatives visited the child.  Mother has not seen the child since her birth.

During the trial, mother's counsel moved to strike the evidence, arguing that mother's incarceration was insufficient grounds for terminating parental rights.  On February 11, 2008, the trial court denied mother's motion and held that it was in the best interests of the child to terminate the mother's parental rights.  Mother timely noted her appeal.

---

[1] In 1997, she pled guilty to one count of aiding and abetting criminal sexual abuse of a child under twelve years of age and served forty months in federal prison.

ANALYSIS

At the time of the trial, the child had been in foster care all of her life, approximately fifteen months. When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

> While long-term incarceration does not, per se, authorize termination of parental rights . . . it is a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support a court's finding by clear and convincing evidence that the best interests of the children will be served by termination.

Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).

Mother's incarceration was one factor for the termination of her parental rights, but it was not the only factor enumerated by the trial court. The trial court stated that neither mother nor her family had any relationship with the child. Mother was addicted to cocaine, and the child was born with cocaine in her system. Mother has no permanent address. Mother made no effort to contact the Department when she was released from jail in June 2007. Mother is a convicted sex offender and did not register as such when she was released from prison. Moreover, the trial court was concerned that upon mother's release from jail in April 2008, she had no plans to secure housing and a job, and was not prepared to begin parenting the child. The court also considered the child's well-being. She is doing well and is in a stable foster family who wants to adopt her.

Mother argues that the Department did not offer "reasonable and appropriate efforts," pursuant to Code § 16.1-283(C)(2).[2] "'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case. Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court." Ferguson, 14 Va. App. at 338, 417 S.E.2d at 4. See also Harrison v. Tazewell DSS, 42 Va. App. 149, 590 S.E.2d 575 (2004) (holding that the department made reasonable and appropriate efforts by offering services prior to father's incarceration and continued to offer services to the child and mother after father's incarceration and to communicate with the father regarding the child). The Department tried to meet with mother before she was incarcerated, but she did not show up for her appointment. Mother contacted the Department while she was incarcerated, and the Department attempted to place the child with family members. Mother did not contact the Department when she was released in June 2007. The Department made reasonable and appropriate efforts to assist mother, considering the circumstances of her situation.

_____

[2] Code § 16.1-283(C)(2) states:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. Proof that the parent or parents, without good cause, have failed or been unable to make substantial progress towards elimination of the conditions which led to or required continuation of the child's foster care placement in accordance with their obligations under and within the time limits or goals set forth in a foster care plan filed with the court or any other plan jointly designed and agreed to by the parent or parents and a public or private social, medical, mental health or other rehabilitative agency shall constitute prima facie evidence of this condition. The court shall take into consideration the prior efforts of such agencies to rehabilitate the parent or parents prior to the placement of the child in foster care.

Mother further contends that her incarceration provided "good cause" for not remedying the conditions that required the child to remain in foster care. There is no merit to this argument. "It would be patently unreasonable to require the Department, under such circumstances [a parent's long-term incarceration], to continue to offer services." Id. at 163-64, 590 S.E.2d at 583.

The trial court did not err in denying the motion to strike. The record supports the trial court's finding that the evidence proved by clear and convincing evidence that mother's parental rights should be terminated and that the termination of mother's parental rights was in the child's best interests. Code § 16.1-283. Accordingly, we summarily affirm the judgment. See Rule 5A:27.

Affirmed.